IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 06-00469 HG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SYED QADRI, (01) | ) | |
| PATRICIA ROSZKOWSKI, (02) | ) | |
| RUBEN CARRILLO GONZALEZ, (03) | ) | |
| JEFFREY GREENHUT, (04) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER DENYING DEFENDANT SYED QADRI, PATRICIA ROSZKOWSKI, RUBEN CARRILLO GONZALEZ, AND JEFFREY GREENHUT'S MOTION TO SUPPRESS**

On June 17, 2008, Defendant Syed Qadri filed a Motion to Suppress (Doc. 176, "Motion to Suppress") in which all other Defendants joined.

On August 1, 2008, the Government filed a Memorandum in Opposition to Defendants' Motion to Suppress. (Doc. 184.)

On August 6, 2008, this matter came on for hearing and the Court took it under submission.  Defendants requested a hearing under Franks v. Delaware, 438 U.S. 154 (1978), arguing that the government had made "false statements" with respect to Confidential Informant 1 ("CI-1").  The Defendants represented to the Court that the Government had recently produced documents pertaining to CI-1.  The Court allowed the parties time to file a

supplemental memorandum in support of their Franks hearing request.

On August 8, 2008, Defendant Gonzalez filed a Supplemental Memorandum in Support of the Motion to Suppress.  (Doc. 194.)

On August 12, 2008, the Government filed a memorandum in opposition to Defendant Gonzalez's supplemental filing.  (Doc. 195.)

## STANDARD OF REVIEW

A court reviewing the issuance of a warrant is "limited to the information and circumstances contained within the four corners of the underlying affidavit."  United States v. Bertrand, 926 F.2d 838, 841 (9th Cir. 1991) (citations omitted).  In conducting its review, the court looks at "whether the magistrate had a substantial basis to conclude that the warrant was supported by probable cause."  United States v. Fernandez, 388 F.3d 1199, 1252 (9th Cir. 2004) (citing United States v. Celestine, 324 F.3d 1095, 1100 (9th Cir. 2003) (further citation omitted)).  "[T]he magistrate judge's determination should be paid great deference."  United States v. Gourde, 440 F.3d 1065, 1069 (9th Cir.), cert. denied __ S. Ct. __, 2006 WL 1993215 (2006)(citations and quotations omitted).  In "borderline cases, preference will be accorded to warrants and to the decision of the magistrate issuing it."  United States v. Terry, 911 F.2d 272, 275 (9th Cir. 1990) (citation omitted).

"Probable cause exists when, considering the totality of the circumstances, the affidavit shows that there is a 'fair probability that contraband or evidence of a crime will be found in a particular place.'"  Fernandez, 388 F.3d at 1252 (quoting United States v. Ocampo, 937 F.2d 485, 490 (9th Cir. 1991) (quoting Illinois v. Gates, 462 U.S. 213, 238, 103 S. Ct. 2317, 76 L.Ed.2d 527 (1983)).  The Court of Appeals for the Ninth Circuit has explained the Illinois v. Gates' "fair probability" standard, as follows:

> For probable cause to exist, a magistrate need not determine that the evidence sought is *in fact* on the premises to be searched, or that the evidence is more likely than not to be found where the search takes place. The magistrate need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit.

Fernandez, 388 F.3d at 1254 (citation omitted; emphasis original).

Indeed, "[u]nder the totality of the circumstances test, otherwise innocent behavior may be indicative of criminality when viewed in context".  United States v. Chavez-Miranda, 306 F.3d 973, 978 (9th Cir. 2002) (citing United States v. Ocampo, 937 F.2d 485, 490 (9th Cir. 1991)).  In addition, the magistrate judge may "rely on the training and experience of affiant police officers" in determining probable cause.  Id.  (citing United States v. Gil, 58 F.3d 1414, 1418 (9th Cir. 1995)); see United

States v. Fannin, 817 F.2d 1379, 1381-82 (9th Cir. 1987) (same).

**BACKGROUND**

The Federal Bureau of Investigation ("FBI"), United States Immigration and Customs Enforcement ("ICE"), and other law enforcement agencies initiated an investigation of Defendant Qadri and his companies, Amasses Capital LLC, Solomon & Co., LLC, ALR Capital LLC and YS Capital. LLC, and co-defendants in connection with the alleged operation of a high-yield investment and trading Ponzi scheme.  The government acquired information by subpoenaing the defendants' bank account information from various financial institutions as well as information from credit card companies and other financial and retail establishments that were identified from the back account statements of the individual accounts.

The Indictment, returned and filed on August 31, 2006, charges defendants with four counts of wire fraud in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2.  Co-defendant Patricia Roszkowski was also charged with two counts of credit application fraud in violation of 18 U.S.C. § 1014.

On August 31, 2006, the government filed an Application and Affidavit for Search Warrant.  Based on the Application and Affidavit for Search Warrant, the government obtained four search warrants to search Defendant Syed Qadri's three personal

residences in Honolulu, Hawaii and the Honolulu office of Amasse Capital.  On August 31, 2006, the government also obtained a search warrant in the Southern District of New York to search the Amasse Capital New York office.  The government executed the search warrants on September 1, 2006.

On September 8, 2006, another search warrant was issued and executed in the District of Arizona to search electronic devices belonging to co-defendant Ruben Carrillo Gonzalez.

The search warrant application for the Honolulu search warrants was based on the Affidavit of Special Agent Tim Beam of the FBI.  (Motion to Suppress at Exh. A ("Affidavit")).  The Affidavit sets forth in detail the financial information obtained from various financial institutions and the numerous suspicious transactions that occurred during the period from December 2005 through August 2006.  The Affidavit recounts a complaint by an investor that Defendants did not fulfill promises regarding his investment. (Affidavit at ¶¶ 63-64.)  The Affidavit also recites information from three confidential informants.

Defendants pay little attention to the substantial information recited in the Affidavit other than that pertaining to the confidential informants.  Defendants' primary argument is that the Affidavit failed to establish the reliability of the confidential informants and that the uncorroborated facts cited by the confidential informants failed to establish probable

5

cause. Defendants also argue that the Affidavit contained false statements as to Confidential Information 1 ("CI-1") that were made either knowingly or intentionally, or with reckless disregard for the truth, and these statements were necessary to any finding of probable cause. Defendants' second argument requires the Court to consider whether Defendants have made the required showing for an evidentiary hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978).

## ANALYSIS

**I.   The magistrate judge had a substantial basis to conclude that the warrants were supported by probable cause**

In their Motion to Suppress, the Defendants contend that the Court should suppress the evidence seized from the searched premises because the warrants were not supported by probable cause.

Applying the "totality of the circumstances test," the Court finds that the magistrate judge had a substantial basis for concluding that probable cause to issue the warrants existed. The Affidavit consists of 106 paragraphs contained in 64 pages. The Affidavit sets forth numerous facts regarding the defendants suspicious business and financial activities which the government obtained as a result of its financial investigation. The Affidavit details facts which show that contrary to Defendants'

statements to investors, the investor funds were not utilized as promised.  The facts detailed show, for instance, that investors' money was used to pay earlier investors and/or for the personal benefit of Defendant Qadri and his co-defendants.  Based on this information, the Court finds that the magistrate judge had a substantial basis for finding probable cause.

The magistrate judge was also given sufficient information to assess the reliability of the informants.  Factors to assess an informant's reliability include whether the informant had provided reliable information in the past, whether the information was described in detail, as well as whether the police were able to independently corroborate the information. See United States v. Elliott, 322 F.3d 710, 715 (9th Cir. 2003); United States v. Reeves, 210 F.3d 1041 (9th Cir. 2000).  In this case, the Affidavit sets forth the reliability of the informants, as discussed further below, and provides detailed information from the confidential informants corroborated by information from other sources, including independent police work.  (See Affidavit at ¶¶ 24, 47-52, 56-58 as to CI-1; ¶¶ 26, 51 as to CI-2, and ¶¶ 29, 64, 72, 88, 89. 91, 96, and 99 as to CI-3.)

**II. Defendants have not made the required showing for a Franks hearing**

An evidentiary hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978) allows a defendant to test the veracity of an

affidavit supporting a warrant.  There is a presumption of validity with respect to an affidavit supporting a search warrant.  See Franks, 438 U.S. at 171.  To overcome this presumption and establish the right to a Franks hearing, the defendant must make "a substantial preliminary showing that a false statement was (1) deliberately or recklessly included in an affidavit submitted in support of a search warrant, and (2) material to the finding of probable cause for the issuance of that warrant . . ."  United States v. Garcia-Cruz, 978 F.2d 537, 540 (9th Cir. 1992).

The Ninth Circuit Court of Appeals has identified five requirements that a defendant must satisfy before he is entitled to a Franks hearing:

> (1) the defendant must allege specifically which portions of the warrant affidavit are claimed to be false; (2) the defendant must contend that the false statements or omissions were deliberately or recklessly made; (3) a detailed offer of proof, including affidavits, must accompany the allegations; (4) the veracity of only the affiant must be challenged; and (5) the challenged statements must be necessary to find probable cause.

United States v. DiCesare, 765 F.2d 890, 894-895 (9th Cir. 1985).

Defendants have not met their burden to show that they are entitled to a Franks hearing.  The crux of Defendants argument is that the government made false statements by omission by failing to disclose in the Affidavit certain background information which

it knew about CI-1, Norman Michael Miller.  The Supplemental Memorandum filed by Defendant Ruben Carrillo Gonzalez recites Miller's past unlawful activities and fraudulent conduct.  Defendants argue that in paragraph 24 of the Affidavit, Agent Beam failed to inform the magistrate judge of Miller's two previous convictions involving fraud and theft.

Contrary to the Defendants' contention, the Court does not find that there is sufficient evidence to conclude that the government deliberately withheld this information from the magistrate judge.  There is no evidence that Agent Beam deliberately or recklessly omitted or made any false statements regarding Miller's conduct in an effort to bolster CI-1's credibility.  <u>See</u> <u>United States v. Miller</u>, 753 F.2d 1475 (9th Cir. 1985) (holding that defendant failed to establish that search warrant affidavit contained intentionally or reckless false statements because failure of federal agents to check confidential informants background and criminal record and failure to discover an informant's prior perjury conviction amounted to no more than negligence).

Moreover, the Affidavit made the magistrate judge aware that Miller was a prior felon.  Although the Affidavit did not specifically mention Miller's conviction for securities fraud and theft, it informed the magistrate judge that CI-1 was previously involved in an investment scheme until he was arrested by the FBI

in 2002.  (Affidavit at ¶ 24.)  The Affidavit also detailed CI-1's arrangement with the government.  The Affidavit contained sufficient information about CI-1.  The Ninth Circuit has never required that an affidavit in support of a search warrant contain all known information pertaining to an informant's reliability.  To the contrary, the general rule is that if an informant has provided accurate information on past occasions, he may be presumed trustworthy on subsequent occasions.  See United States v. Angulo-Lopez, 791 F.2d 1394, 1397 (9th Cir. 1985).  In this case, the Affidavit states that CI-1 has provided information on numerous occasions which has always proved trustworthy.  (Affidavit at ¶ 24.)

Moreover, as discussed above, the Affidavit contained sufficient information for the magistrate judge to have a substantial basis to find probable cause even without relying on the information provided by CI-1.  As such, the government's allegedly deliberate omission was not material to a finding of probable cause for issuance of the warrant.

Defendants have failed to meet their burden of showing that they are entitled to a Franks hearing.

**III. The search warrants satisfy the particularity requirement of the Fourth Amendment**

Defendants argue that the search warrants lacked sufficient particularity and are invalid "general warrants."  In light of

10

the nature of this case, the Court disagrees.  The Court finds that the Affidavit established that the Defendant Qadri's operation of his companies was permeated by fraud (Affidavit at ¶ 80) and the items listed in the warrants were drawn as narrowly as possible in light of the nature of the case.  See United States v. Offices Known as 50 State Distributing Co., 708 F.2d 1371, 1374 (9th Cir. 1983).  As such, the warrants were not unconstitutionally broad.

**IV.   The good faith exception to the exclusionary rule established in United States v. Leon would apply**

Even if the magistrate judge did not have a substantial basis to conclude that the warrant was supported by probable cause, the evidence would be admissible under the good faith exception established in United States v. Leon, 468 U.S. 897 (1984).  Under the good faith exception, evidence obtained through an officer's reasonable reliance on a search warrant issued by a neutral magistrate is generally admissible.  Id. at 922  (When officers act in reasonable reliance on a search warrant issued by a neutral magistrate but ultimately found to be invalid, however, evidence seized pursuant to the warrant should not be suppressed.).

Leon recognized four situations in which the good faith exception would not apply.  Id. at 923.  Defendants have not presented a persuasive argument that the Leon good faith

11

exception would be inapplicable to the circumstances of this case. The Court holds that even if the magistrate judge did not have a substantial basis to conclude that the warrant was supported by probable cause, the evidence would be admissible under the good faith exception. Under the circumstances present here, an officer could objectively rely on the warrant. See United States v. Clark, 31 F.3d 831, 835 (9th Cir. 1994).

### CONCLUSION

For the foregoing reasons, Defendant Syed Qadri's Motion to Suppress (Doc. 176), joined by all co-defendants, is **DENIED**.

IT IS SO ORDERED.

DATED: September 9, 2008, Honolulu, Hawaii.



   /s/ Helen Gillmor_____
Chief United States District Judge

---

United States v. Syed Qadri, et al.; Crim. No. 06-00469; **ORDER DENYING DEFENDANT SYED QADRI, PATRICIA ROSZKOWSKI, RUBEN CARRILLO GONZALEZ, AND JEFFREY GREENHUT'S MOTION TO SUPPRESS**