IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CRIM. NO. 06-00469 HG-KSC |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO DENY |
| vs. | ) DEFENDANT SYED QADRI'S |
| | ) MOTION TO DISMISS |
| SYED QADRI(01); PATRICIA | ) INDICTMENT AND SUPERSEDING |
| ROSZKOWSKI (02); RUBEN | ) INDICTMENT |
| CARILLO GONZALEZ aka "RUBEN | ) |
| CARILLO" (03); JEFFREY | ) |
| GREENHUT (04), | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO DENY
DEFENDANT SYED QADRI'S MOTION TO DISMISS
<u>INDICTMENT AND SUPERSEDING INDICTMENT</u>

Before the Court, pursuant to a referral from Senior United States District Judge Helen Gillmor, is Defendant Syed Qadri's ("Qadri") Motion to Dismiss Indictment and Superseding Indictment ("Motion"), filed June 18, 2009.  Defendants Patricia Roszkowski, Jeffrey Greenhut, and Ruben Carillo Gonzalez filed Joinders on June 18, 23, and 24, 2009, respectively.  On July 10, 2009, Plaintiff United States of America ("government") filed its Opposition.

This matter came on for hearing on July 14,

2009.  AUSA Chris Thomas appeared on behalf of the government; Eric Seitz, Esq. and Della Au Bellati, Esq., appeared on behalf of Qadri; Miles Breiner, Esq., appeared on behalf of Roszkowski; Pamela Tamashiro, Esq., appeared on behalf of Gonzalez, who was also present; and Paul Wong, Esq., appeared on behalf of Greenhut.

After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, the Court HEREBY FINDS AND RECOMMENDS that the district court DENY the Motion for the reasons set forth below.

BACKGROUND

On August 31, 2006, the government filed the Indictment, charging Qadri, Roszkowski, Gonzalez, and Greenhut (collectively "Defendants") with four counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2. Roszkowski was additionally charged with two counts of credit card application fraud in violation of 18 U.S.C. § 1014.

On May 19, 2009, the government filed the

Superseding Indictment, charging Defendants with fifty counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2; one count of conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(h) and 1956 (a)(1)(A)(I); and thirty-four counts of money laundering in violation of 18 U.S.C. § 1957. Roszkowski was additionally charged with two counts of credit card application fraud in violation of 18 U.S.C. § 1014.  The government also gave notice to Defendants of a criminal forfeiture action pursuant to 18 U.S.C. §§ 981, 982, 984, 1343, 1956, 1957 and 28 U.S.C. § 2461(c).

During the time period between the filing of the Indictment and the Superseding Indictment, the government produced thousands of pages of documents and other evidence related to the case and Defendants made various discovery requests.  Defendants also filed motions to compel discovery and to continue trial.

Most recently, on June 29, 2009, Magistrate Judge Barry Kurren heard and denied Qadri's renewed motion to compel discovery.

DISCUSSION

Defendants argue that the Court should dismiss the Indictment and the Superseding Indictment because of the delays in production of discovery and the untimely filing of the Superseding Indictment. Defendants contend that they cannot adequately prepare for the November 3, 2009 trial given the delays.

In response, the government represents that it has produced a substantial number of documents and other evidence, including electronic communications, audio and video recordings, and transcripts thereof, and copies of the hard drives of 37 computers.  The government points out that despite Defendants' repeated claim of discovery delays, most of the documents and evidence produced were originally obtained from Defendants and have therefore been available to them since the inception of the case.

The Court finds that the present circumstances do not justify a recommendation of dismissal.  While disfavored because it is a drastic step, United States v. Rogers, 751 F.2d 1074, 1076 (9th Cir. 1985), an

indictment may be dismissed on two grounds: 1) outrageous government conduct if the conduct amounts to a due process violation and 2) if the conduct does not rise to the level of a due process violation, the court may nonetheless dismiss under its supervisory powers. United States v. Chapman, 524 F.3d 1073, 1084 (9th Cir. 2008) (citing United States v. Barrera-Moreno, 951 F.2d 1089, 1091 (9th Cir. 1991)). To support a dismissal on the first ground, "the Government's conduct must be so grossly shocking and so outrageous as to violate the universal sense of justice." United States v. Smith, 924 F.2d 889, 897 (9th Cir. 1991) (citing United States v. Ramirez, 710 F.2d 535, 539 (9th Cir. 1983); United States v. Citro, 842 F.2d 1149, 1152 (9th Cir. 1988)). In fact, the "Government's involvement must be *malum in se* or amount to the engineering and direction of the criminal enterprise from start to finish." Id. (citing Citro, 842 F.2d at 1153).

District courts may exercise their supervisory power "'to implement a remedy for the violation of a recognized statutory or constitutional right; to

preserve judicial integrity by ensuring that a conviction rests on appropriate considerations; and to deter future illegal conduct.'"  Chapman, 524 F.3d at 1085 (quoting United States v. Simpson, 927 F.2d 1088, 1090 (9th Cir. 1991)).  However, dismissals are permissible "only 'in cases of flagrant prosecutorial misconduct.'"  Id.  Flagrant misbehavior does not include accidental or merely negligent governmental conduct, but may embrace reckless disregard for constitutional obligations.  Id.

      In the present case, dismissal of the indictment, with or without prejudice, would be inappropriate.  There is an absence of evidence before the Court to support a finding that the government has engaged in outrageous conduct that amounts to a due process violation.  The government's alleged failure to produce documents and other evidence to Defendants and the delay in filing the Superseding Indictment are not so grossly shocking and so outrageous as to violate a universal sense of justice.

      The Court also declines to recommend dismissal

under its supervisory powers, finding that the government's alleged actions do not rise to a level of flagrant prosecutorial misconduct.  The recent denial of Qadri's renewed motion to compel discovery appears to indicate that the government has not been unduly remiss in fulfilling its discovery obligations.  Neither does it appear that the delay in filing the Superseding Indictment amounts to flagrant prosecutorial misconduct.  There is no dispute that this case is complex.  While it would have been desirable for the government to have filed the superseding indictment more expeditiously, this delay cannot serve as the sole basis for dismissing the indictments.  Even if the Court attributed the foregoing delays to accidental or merely negligent conduct, which it is not prepared to do, the Ninth Circuit has held that flagrant misbehavior does not include such conduct.  See Chapman, 524 F.3d at 1085.  Accordingly, the Court declines to recommend dismissal of the Indictment and Superseding Indictment.

     Defendants assert that they cannot adequately

prepare for the November trial date in light of the late filing of the Superseding Indictment and the lack of production of relevant discovery. Defendants' inability to adequately prepare for the November trial can be addressed with a continuance, if appropriate and/or necessary. Where the government has filed a superseding indictment that prejudices a defendant and it is necessary to allow further preparation, the district court may grant a trial continuance to serve the ends of justice. <u>United States v. Rojas-Contreras</u>, 474 U.S. 231, 236 (1985). The Court acknowledges Defendants' concerns and frustration with the delays in this case. However, the relief they seek - dismissal without prejudice - is not justified based on the record before the Court and would not comport with judicial economy. At this late stage of the case, it would make little sense to dismiss the Superseding Indictment only to have the government recommence the action. Defending against a newly filed indictment that is substantially the same as or identical to the Superseding Indictment would not place Defendants in

any better a position than they would be if this case proceeds with a continuation of the trial date.

CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Defendant Qadri's Motion to Dismiss Indictment and Superseding Indictment, filed June 18, 2009, be DENIED.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, July 14, 2009.



_____
Kevin S.C. Chang
United States Magistrate Judge

CR. NO. 06-00469 HG-KSC; UNITED STATES OF AMERICA V. QADRI, ET AL.; FINDINGS AND RECOMMENDATION TO DENY DEFENDANT SYED QADRI'S MOTION TO DISMISS INDICTMENT AND SUPERSEDING INDICTMENT